**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
|  :
KARLA J. WEINHOFER, and JOSEPH S. :
SPAGNOLA,                        :
|  :
               Plaintiffs,  :
|  :
      v.                         :    CIVIL ACTION NO. 15-CV-05002
|  :
WEIS MARKETS, INC.               :
|  :
             Defendant.   :
_____:

**Henry S. Perkin, M.J.**                          **December 29, 2016**

<u>**MEMORANDUM**</u>

This matter is before the Court on Defendant, Weis Markets, Inc.'s Motion for Sanctions Directed to Plaintiffs.  A Hearing on Defendant's motion for sanctions was held before the Court on December 13, 2016.  Following the Hearing, a Supplemental Memorandum of Law in Support of Motion for Sanctions was filed by Defendant on December 16, 2016, and a Second Supplemental Memorandum of Law was filed by Defendant on December 20, 2016.  Having considered the motion, supporting documentation, and oral argument presented by counsel for Defendant at the December 13, 2016 hearing, the Court is prepared to rule on this matter.

**Background**

Based upon the record, the relevant facts and procedural history are as follows:

Plaintiffs Karla J. Weinhofer ("Weinhofer") and Joseph S. Spagnola ("Spagnola") initiated this matter by filing a Complaint against Defendant Weis Markets, Inc. ("Weis") following an alleged slip-and-fall accident in a grocery store operated by Weis.  <u>See</u> Dkt. 1. Plaintiffs claim Weis allowed a liquid to exist on the store's floor for an unreasonable amount of

time and without a warning of the spill, and Weis' negligence in doing so caused Weinhofer to slip and fall.  See id.  Further, Weinhofer claims to have suffered a knee injury and several other bodily injuries, including a traumatic brain injury.  See id.  In addition to this claim against Weis, Spagnola also brings a claim for loss of consortium relating to his wife's injuries.  See id. Plaintiffs seek consequential, compensatory, and punitive damages against Defendant.  See id.

Defendant filed an Answer to the Complaint along with Affirmative Defenses on October 13, 2015.  See Dkt. 5.  Following a series of Rule 16 Conferences and status conferences, counsel for Plaintiffs filed a Motion to Withdraw as Attorney on January 20, 2016.  See Dkt. 14. On January 29, 2016, the Motion was granted and the Order was mailed to Plaintiffs' last known mailing address.  See Dkt. 16.  On March 10, 2016, Plaintiffs were notified that they were expected to proceed with or without counsel.  See Dkt. 19.  The immediate action was referred to the undersigned on April 28, 2016.  See Dkt. 29.  Following a Rule 16 Conference held on June 1, 2016,[1] the parties were notified of the dates and deadlines for discovery, pretrial motions, motion for summary judgment, and several other case management deadlines related to the action.  See Dkt. 33 and 34.

On October 6, 2016, Defendant filed a Motion for Sanctions.  See Dkt. 35.  Plaintiffs were served with a copy of the Motion, memorandum, and proposed order.[2]  See id.  On November 22, 2015, the Court ordered that a Hearing for oral argument on Defendant's Motion for Sanctions would be held on December 13, 2016.  See Dkt. 36.  The Court's Order was

---

[1] Plaintiffs did not participate in the telephonic Rule 16 scheduling conference despite having received notice of same.  See Dkt. 32.

[2] This Court notes that in addition to the notification of the filing of the motion for sanctions by the Clerk's Office (Dkt. 35), counsel for Defendant mailed a copy of the motion for sanctions with supporting memorandum of law to Plaintiffs on October 7, 2106.  See Dkt. 41.  In addition, counsel for Defendant emailed a copy of the motion for sanctions to Plaintiff Weinhofer at her last known email address on that same date, October 7, 2016.  See id. Plaintiff Weinhofer confirmed receipt of the motion and its attachments.

entered and delivered to both parties by the Clerk's Office.[3] <u>See</u> <u>id.</u>  Plaintiffs did not appear for

the Hearing scheduled for December 13, 2016, and they did not respond to the Court's Order.

<u>See</u> Dkt. 37.  Counsel for Defendant appeared at the December 13 Hearing and provided oral

argument with respect to the motion for sanctions.  Following the Hearing, the Court ordered

both parties to submit supplemental briefs and/or responses to Defendant's Motion for Sanctions.

<u>See</u> Dkt. 38.  The Court's Order was entered and delivered to both parties.  <u>See</u> <u>id.</u>  Defendant

filed a Supplemental Memorandum in Support of Motion for Sanctions on December 16, 2016.

<u>See</u> Dkt. 40.  A Second Supplemental Memorandum was filed on December 20, 2016.  <u>See</u> Dkt.

41.

      Defendant's Motion for Sanctions contains information relevant to the steps Defendant

took in an effort to advance discovery and move this action forward.  <u>See</u> Dkt. No. 35.  The

Court finds the following uncontested  averments relevant to its determination of this matter:

> In December of 2015, former counsel for the Plaintiffs and Weis took steps to
> arrange for the depositions and independent medical examinations of the Plaintiffs, who
> are Texas residents, to occur in Philadelphia in January 2016.
>
> This cooperative effort required numerous telephone calls, correspondence,
> numerous communications with experts and other representatives.
>
> The parties agreed Plaintiffs would appear in Pennsylvania for their depositions
> and examinations. Thus, Weis accommodated Plaintiffs' scheduling needs and agreed to
> complete depositions and expert activity in a condensed schedule over several days.
>
> In fact, Weis agreed to provide transportation to Plaintiffs to and from their hotel
> in Philadelphia, PA, and agreed to complete depositions on a Sunday at[Weis] counsel's
> Philadelphia, PA office.
>
> Weis further agreed to provide transportation to Plaintiffs to and from IME's with
> neurology and neuropsychology experts.
>
> On December 30, 2015, former counsel for the Plaintiffs confirmed Plaintiffs'

---

[3] With respect to the Hearing Scheduling Order, this Court notes that in addition to notification by the Clerk's
Office, counsel for Defendant mailed a copy of the Order to Plaintiffs on November 29, 2016.  <u>See</u> Dkt. 41.
Counsel for Defendant also emailed a copy of the Hearing Scheduling Order to Plaintiff Weinhofer.  <u>See</u> <u>id.</u>

availability on January 24, 2016 for depositions, and January 25 and 26, 2016 for independent medical examinations.

Thereafter, on January 6, 2016, Notices of Deposition were distributed for the confirmed date provided by [Plaintiffs'] counsel.

Plaintiffs independent medical examinations were properly Noticed and scheduled, and Weis submitted records to the experts at its own cost and expense.

On January 17, 2016, former counsel for the Plaintiffs advised that their representation had been terminated.

Thereafter, on January 19, 2016, Plaintiff Weinhofer wrote to Weis unilaterally canceling her depositions and examinations.

This unilateral action required the cancellation of the three IMEs that had been scheduled for the Plaintiff, along with depositions of the Plaintiffs themselves.

On March 15, 2016, counsel for Weis re-engaged in efforts to schedule the IMEs and depositions of the Plaintiffs.

In response, Plaintiff [Weinhofer] suggested that she was considering appearing for these activities between May 13, 2016 and May 18, 2016 in Pennsylvania.

Accordingly, on May 2, 2016, Weis scheduled IMEs with its experts to occur on May 13, 2016, May 16, 2016 and May 18, 2016.

On May 3, 2016, Plaintiff [Weinhofer] responded in a manner that appeared to confirm the proffered IME dates.

Notices of these activities were properly issued on May 4, 2016.

Despite numerous requests for the provision of Plaintiffs' travel schedule in order to enable Weis to take steps to schedule depositions, Plaintiff failed to respond.

Therefore, Weis issued Notices of Depositions for the Plaintiffs to occur on May 19, 2016, to coincide with Plaintiffs' expected travel itinerary.

Thereafter, on May 10, 2016, despite failing to provide dates for depositions upon Weis's request, Plaintiffs sent an email refusing to appear on May 19, 2016 for their depositions, without providing any specific reason (e.g. such as prearranged travel, etc.).

On May 11, 2016, having not received confirmation as to Plaintiffs' intentions on traveling for their noticed examinations and depositions, [counsel for Weis] sent a follow up E-mail to Plaintiffs.

On May 11, 2016, just two (2) days prior to a scheduled IME, Plaintiffs sent an E-Mail demanding that all activity be rescheduled.

As a result of the Plaintiffs' refusal to appear for their properly noticed and scheduled examinations, Weis was charged cancellation fees in the amount of $2,200.00.

Weis's Notices had expressly indicated that such fees would be borne by the cancelling party.

Thereafter, upon communication with the Court, it was agreed that a telephonic scheduling conference would be beneficial for the parties to coordinate the necessary discovery activities.

Plaintiff failed to contact chambers and participate in the scheduled conference [on June 1, 2016].

This Honorable Court entered a scheduling Order [on June 6, 2016].

Thereafter, in a good faith effort to attempt scheduling of the activities for a third time, on July 8, 2016, Weis issued Notices of Examinations to the Plaintiff.  The scheduled activity was to occur on August 29, 30, 2016 and September 2, 2016, providing Plaintiff nearly two months to make the necessary and appropriate arrangements.

By email dated August 15, 2016, Weis served Third Notices of Depositions for the Plaintiffs.

Plaintiffs had yet to respond to the Notices of Examinations or Notices of Depositions and on August 22, 2016, Weis attempted to confirm Plaintiffs' appearances for the scheduled activity.

Plaintiffs failed to timely reply to Weis's attempts to confirm the scheduled activity.

On Friday, August 26, 2016, three days before the first scheduled IME, Weis again wrote to Plaintiff to confirm attendance.

The weekend went by, and on Monday, August 29, 2016, Plaintiff had still not confirmed her attendance or refusal to appear.

At 5:42 p.m. on Monday, August 29, 2016, after the time for her scheduled appearance for an IME with Dr. Peter Badgio had already passed, Plaintiff wrote to [counsel for Weis] in an apparent attempt to justify her non-appearance, refusal to respond to counsel, and decision to stay in Texas, therefore, once again canceling all scheduled activity.

[Plaintiff attached] a purported note from a Dr. Lee Pollack, dated May 12, 2016, indicating that Plaintiff was not physically or mentally able to travel by air.

Plaintiff has offered no explanation as to why this letter was not produced back in May of 2016 when she cancelled "Round II" of the scheduled activity, or why she waited several more months and after blowing off an examination with Dr. Badgio (for the 3rd time) to supply this purported medical excuse.

Once again, as a result of Plaintiffs' last minute cancellation, Defendant incurred substantial cancellation fees in the amount of $2,575.00.

In Plaintiffs E-mail [dated August 29, 2016] she suggests that she would appear and cooperate for all testing or depositions that can be scheduled "there," presumably meaning Texas.

Plaintiffs conduct to date has shown a profound disrespect for this Honorable Court.

Plaintiffs conduct to date has shown a profound disrespect for counsel, Weis, several doctors and experts, court reporters, and counsel's staff.

[It does not appear that this Court can] accept Plaintiffs' representations as true, that is, that they will fully cooperate with activity occurring in Texas, [it does not appear to this Court] that Plaintiffs would actually cooperate and continue to cooperate in this matter.

Regardless, Plaintiffs chose to file this civil litigation in [Pennsylvania] where the accident occurred.

Plaintiffs are not entitled to require Weis to retain Texas-based medical experts, or by default limit the experts Weis can obtain and terminate its relationship with existing medical and vocational experts who are now familiar with the case (and Weis has compensated for their efforts to date).

While counsel [may be] willing to travel to conduct depositions, Plaintiffs have made no offer to compensate Weis for conducting activity in Texas, even if they were to actually cooperate and appear for their depositions. Plaintiffs have done nothing to assuage counsel that flying to and from Texas would actually result in completed depositions as opposed to wasted travel time away from other obligations, professional and personal.

Plaintiffs conduct has resulted in thousands of dollars in wasted attorney, paralegal and secretarial time and expense - all of which has been absorbed by Weis and none of which have been borne by Plaintiffs.

Plaintiffs have failed to reimburse the nearly $5,000 in cancelation fees Weis has

incurred to date.

Weis has expended exhaustive efforts to secure Plaintiffs' cooperation, and those efforts have been met with repeated refusals to appear, untimely excuses, and no apparent respect for the time and efforts of others.

<u>See</u> Dkt. 35 (Paragraphs 9-54 of Defendant's motion for sanctions)(citations to exhibits omitted).

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a plaintiff's case for failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).  The decision to dismiss a case pursuant to 41(b) is within the discretion of the trial court.  <u>Burns v. Glick</u>, 158 F.R.D. 354, 355 (E.D. Pa. 1994)(citations omitted).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . to achieve the orderly and expeditious disposition of cases."  <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-631 (1962).  Further, although Plaintiffs are proceeding *pro se*, they are subject to the sanction of dismissal.  <u>Richardson v. Cox</u>, 1993 U.S. Dist. LEXIS 16492, No. 91-7830, 1993 WL 481723, at *2 (E.D. Pa. Nov. 17, 1993).  In order to decide whether to dismiss a case, a district court must balance the following factors:

> the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 2.d 863, 868 (3d Cir. 1984).

It is not required that all of the factors be satisfied for a district court to find for a dismissal.  <u>See</u> <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).  Further, "in balancing the *Poulis* factors, we do not have a 'magic formula' or 'mechanical calculation' to determine

whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

**Discussion of *Poulis* Factors**

**1. The extent of Plaintiff's personal responsibility**

Plaintiffs can be held personally responsible for their failure to advance this action. *Pro se* plaintiffs can also be held responsible for their failure to attend a pretrial conference or otherwise comply with a court's orders. See Briscoe, 538 F.3d at 258. Further, "it is logical to hold a *pro se* plaintiff responsible for delays in [her] case because a *pro se* plaintiff is solely responsible for the progress of [her] case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." Id. at 258-259.

Plaintiff's counsel filed a Motion to Withdraw on January 20, 2016, and it was granted on January 29, 2016. See Dkt. No. 14, 16. As mentioned previously, the Court's Order was entered and copies were mailed to Plaintiffs. See Dkt. 16. On March 10, 2016, Plaintiffs were notified that they were expected to proceed with or without counsel and were expected to comply with the Court's Orders and Rules. See Dkt. 19. Following their counsel's withdrawal, Plaintiffs have continued this action *pro se*.

According to Defendant's Motion for Sanctions and Supplemental Memorandum in Support of Motion for Sanctions, Defendant engaged in exhaustive efforts to conduct depositions and Independent Medical Examinations ("IME's") of Plaintiffs. Defendant contends that it made three scheduling attempts with Plaintiffs, including appointments on and between January 24-26, 2016, May 13-18, 2016, and August 29-30 to September 2, 2016. Further, Defendant alleges that Plaintiffs gave "belated cancelations, excuses, or no communication whatsoever."[4]

---

[4] See Def. Supp. Memo. p. 3

As *pro se* plaintiffs, Plaintiffs were expected to proceed with and engage in the action. Plaintiffs, however, have failed to attend conferences and hearings held by this Court.  In addition, Plaintiffs have not cooperated with repeated requests for discovery.  As noted by the aforementioned case law, Plaintiffs can be held responsible for their lack of action in this matter.

## 2. Prejudice to the Defendant

When evaluating the second *Poulis* factor, evidence of prejudice "would bear substantial weight in support of a dismissal or default judgment."  Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-874 (3d Cir. 1994) (internal quotation marks and citations omitted).  Prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Intl' Fidelity Ins. Co., 843 F.2d 683, 693-694 (3d Cir. 1988).  Examples of prejudice also include the "excessive and possibly irremediable burdens or costs imposed on the opposing party," "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery."  Adams, 29 F.3d at 874.

Defendant avers that Plaintiffs' actions have prevented it from obtaining additional information regarding Plaintiffs' claim beyond what it is contained in the Complaint and general written responses related to discovery.  Defendant further contends that it has been unable to conduct a single medical or vocational examination of Weinhofer, and such examinations are important to perform where the information that can be obtained directly relates to the allegations placed forth by Plaintiffs.  A failure to obtain such information can affect proper preparation in the action for both parties.  Further, Defendant alleges that it incurred several

expenses following the cancellation of the scheduled depositions and IMEs, in addition to the

extensive effort taken to coordinate with Plaintiffs over the course of the past year.

Where Defendant has incurred great costs relating to Plaintiffs' actions, where Plaintiffs

have failed to diligently advance the action, and where the failure to obtain information through

necessary discovery would affect a defense to the allegations, the Court can reasonably find

Defendant would be prejudiced by Plaintiffs' actions.

**3. History of dilatoriness**

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness."

Adams, 29 F.3d at 874. "Time limits imposed by the rules and the [C]ourt serve an important

purpose for the expeditious processing of litigation." Poulis, 747 F.2d at 868. In alleging

Plaintiffs' history of dilatoriness, Defendant details a chronology, which demonstrates the

parties' actions in the instant case over the past year. Defendant further alleges that Plaintiffs'

actions ignore discovery and expert report deadlines set forth by this Court.

Based on the evidence in the record, and considering the steps taken by Defendants to

advance the action, we conclude that Plaintiffs' delayed actions, late cancellations, and failure to

respond or appear for court proceedings demonstrate a history of dilatoriness.

**4. Whether the conduct was willful or in bad faith**

Conduct that demonstrates a failure to comply with the Court's Orders and a dragging out

of the case can be considered willful conduct. See Emerson v. Thiel College, 296 F.3d 184, 191

(3d Cir. 2001). Generally, "willfulness involves intentional or self-serving behavior," and goes

beyond mere negligence. Poulis, 747 F.2d at 868-9; Emerson, 296 F.3d at 191. In the instant

action, Defendants allege that Plaintiffs' actions demonstrates willful conduct by cancelling

depositions and IMEs close to the scheduled appointment or after the appointment had passed.

As a result of such cancellations, Defendants incurred several expenses for the cancellation fees and for the costs of attempting to advance discovery.

Based on the Defendant's averments and the Motion for Sanctions, the Court takes note of Plaintiffs' delayed responses and cancellations. Over the past year, there have been three scheduling attempts. The first attempt was cancelled after Plaintiffs refused to attend on account of terminating her legal counsel; the second appointment was cancelled only two days prior to the scheduled date, and the third attempt was also cancelled when Plaintiffs failed to notify Defendant that they would not be attending. Specifically, after the third scheduled appointment on August 29, 2016 had already passed and Plaintiffs had not attended the IME, Plaintiffs emailed Defendant that she would not be traveling to Pennsylvania due to a disability. Plaintiff attached a letter from her neurologist that was dated May 11, 2016, which is approximately three months before the August 29, 2016 appointment. If Plaintiffs were aware of Weinhofer's limitations on travelling, Plaintiffs should have notified Defendant of the situation rather than allowing Defendant to set up another appointment for an IME, only to cancel it after the appointment had passed. When scheduling each of these appointments, Defendant has also made it clear that a cancellation of the appointment would result in cancellation fees.

Therefore, the Court finds the evidence in the record convincing to find that Plaintiffs' conduct in the instant action could be considered willful.

## 5. The effectiveness of sanctions other than dismissal

In determining whether dismissal is an appropriate sanction, the Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. "When a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe, 538 F.3d at 262. Where an attorney has caused the delay

and noncompliance in proceedings, it would not be justified to dismiss an action.  Emerson, 296

F.3d at 191.  However, where a Plaintiff is *pro se*, the Plaintiff can be held liable for his or her

own noncompliance.  See Briscoe, 538 F.3d at 262.

In the instant action, *pro se* Plaintiffs caused the delay in discovery and in advancing this

action.  Despite being aware of the possible monetary sanctions, Plaintiffs have failed to take any

steps to appear or prosecute.  Therefore, the Court finds the most effective sanction is dismissal

of the action.

**6. The meritoriousness of the claim**

Under Poulis, a claim has merit when the allegations in the pleadings "would support

recovery by the plaintiff."  Poulis, 747 F.2d at 870.  "The meritoriousness factor is neutral and

not dispositive."  Emerson, 296 F.3d at 192.  Plaintiffs have only made facially meritorious

claims, but have not taken any steps to substantiate their allegations made in the pleadings.  The

Court is unable to ascertain whether or not Plaintiffs' claim may be considered meritorious based

on the evidence on the record.

**Conclusion**

Based on a balance of the *Poulis* factors and based on the evidence in the record,

Defendant's Motion for Sanctions will be granted in part.  Any requests for monetary sanctions

directed to Plaintiffs for reimbursement of medical examination cancellation fees and legal fees

and expenses are denied.  With respect to Defendant's request for dismissal of the action as a

result of Plaintiffs' failure to prosecute and appear, the Motion is granted.  An appropriate Order

follows.